UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SANDRA RINCON, as Administrator of the Estate of Rosalio Rincon, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:10-CV-268-PPS-PRC |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, JEREMY OGDEN, in his capacity as a United States Drug Enforcement Administration Task Force Agent, and OTHER UNKNOWN AGENTS OR EMPLOYEES OF THE DEA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendants' motion to dismiss plaintiff Sandra Rincon's Section 1983 claim, and motion to substitute the United States as the sole defendant in this action [DE 28]. Defendants argue that Rincon's assertion of a Fourth Amendment violation by a federal agent shows that her Section 1983 claim is properly a *Bivens* action, which should be dismissed as time-barred. Defendants also argue that, because Rincon's only remaining claim is under the Federal Tort Claims Act, the United States should be substituted as the sole defendant in this case, pursuant to 28 U.S.C. § 2679. Rincon does not oppose the motion [DE 32]. For the reasons discussed below, Defendants' motion is **GRANTED**.

On September 24, 2007, Rosalio Rincon was shot and killed by defendant Jeremy Ogden, a federal DEA task force agent, or other unknown DEA agents [DE 1, ¶ 8]. Plaintiff Sandra

1

Rincon, the administrator of Rosalio Rincon's estate, brought this wrongful death action against defendants Ogden, the United States, the U.S. Department of Justice, the DEA and other unknown DEA agents or employees, asserting a claim under Section 1983 for violation of the Fourth Amendment, and an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671 *et seq*.

Defendants argue correctly that Rincon's claim for violation of the Fourth Amendment lies, not under Section 1983, but under Section 1983's federal counterpart, commonly called a *Bivens* action. *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's constitutional claim is properly construed as a *Bivens* action rather than an action under Section 1983 because federal rather than state actors were involved. "Since federal agents do not act under color of state law, federal civil rights acts cannot normally be invoked to remedy their misconduct." *Sisk v. U.S.*, 756 F.2d 497, 500 n.4 (7th Cir. 1985) (citing *Meiners v. Moriarity*, 563 F.2d 343, 348 (7th Cir. 1977)). *Bivens*, however, "authorizes the filing of constitutional suits against individual federal officers." *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006); *see also Stuart v. Rech*, 603 F.3d 409, 411 (7th Cir. 2010). Rincon's Fourth Amendment claim is asserted against Ogden and unknown federal agents or employees of the DEA. So that claim is properly cognizable as a *Bivens* action, not a claim under Section 1983.

Defendants are also correct that Rincon's *Bivens* claim is time-barred. A *Bivens* claim brought in the state of Indiana is subject to the state's two-year statute of limitations. *See Myles v. U.S.*, 416 F.3d 551, 552 (7th Cir. 2005); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Here, Rincon alleges that the underlying tortious conduct occurred on September 24, 2007—well over two years before she filed her July 2, 2010 complaint.

2

Accordingly, this claim is time-barred. *See Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) (statute of limitations in a *Bivens* claim "begins to run when the plaintiff knows that he has been injured").

And, in any event, because Rincon does not oppose the motion to dismiss her *Bivens* claim as time-barred, the Court may summarily grant that motion. *See, e.g.*, *Rangel v. Schmidt*, No. 2:09-CV-071, 2009 WL 5068351, at *3 (N.D. Ind. Dec. 16, 2009) (summarily granting unopposed motion to dismiss; collecting cases); *Sanders v. Town of Porter Police Dep't*, No. 2:05-CV-377, 2006 WL 2457251, at *2 (N.D. Ind. Aug. 22, 2006) (same). Accordingly, the Court dismisses Rincon's *Bivens* claim, which Rincon incorrectly styled as a Section 1983 claim.

Defendants next seek to substitute the United States as the sole defendant in this case, arguing that Rincon's remaining FTCA claim is properly asserted only against the United States, pursuant to 28 U.S.C. § 2679. The FTCA provides an exclusive remedy against the United States for wrongful death at the hands of federal employees acting within the scope of employment. 28 U.S.C. § 2679(b)(1). Here, the Attorney General's designee, the United States Attorney for this District, has made the required certification, pursuant to 28 U.S.C. § 2679(d), that defendant Ogden's actions were within the scope of his employment [DE 29-1]. So the United States is hereby substituted as the sole defendant in this case pursuant to Section 2679(d). *See Hamrick v. Franklin*, 931 F.2d 1209, 1210 (7th Cir. 1991).[1]

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss [DE 29],

---

[1] The United States Attorney obviously did not provide Section 2679(d) certification for the unknown DEA agents or employees that Rincon also named in her complaint. But Rincon has agreed that her FTCA claim is directed only against the United States, as the only remaining defendant [DE 32, ¶ 3]. So the unknown DEA agents or employees named in the complaint are dismissed.

and **DISMISSES WITH PREJUDICE** plaintiff Sandra Rincon's Section 1983 claim. Rincon may proceed in this lawsuit only with her claim under the Federal Tort Claims Act. Moreover, the Court **GRANTS** Defendants' request to substitute the United States as the sole defendant in this case [DE 29]. Accordingly, the Clerk is **ORDERED** to **TERMINATE** from the case the following defendants: the U.S. Department of Justice, the Drug Enforcement Administration and Other Unknown agents or Employees of the DEA.

**SO ORDERED.**

ENTERED: March 28, 2011

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT